# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | | |
|---|---|---|---|
| MARCELLA HOLLOMAN, | * | | |
| *Plaintiff*, | * | | |
| v. | * | No: 1:14-cv-01516-CCB | |
| STEPHANIE RAWLINGS-BLAKE, *et al.*, | * | | |
| *Defendants*. | * | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF DEFENDANT
## GREGG L. BERNSTEIN'S MOTION TO DISMISS THE COMPLAINT

### INTRODUCTION

The plaintiff, Marcella Holloman, alleges that two Baltimore City Police officers shot and killed her son, Maurice Johnson, while responding to a 911 call at her home. In addition to the two officers, the plaintiff has sued a number of Baltimore City officials and also has sued one State of Maryland official, the State's Attorney for Baltimore City, Gregg L. Bernstein. The plaintiff alleges that State's Attorney Bernstein was negligent in hiring, training, and supervising the officers who shot and killed her son.

The negligence claims against State's Attorney Bernstein must be dismissed with prejudice for at least three reasons: (1) Eleventh Amendment immunity bars State law negligence claims against a State official in federal court; (2) State's Attorney Bernstein is statutorily immune from suit under the Maryland Tort Claims Act; and (3) the plaintiff has failed to state a claim upon which relief can be granted against State's Attorney

Bernstein, because he has no authority to hire, train, or supervise Baltimore City Police officers and, thus, no duty to ensure their fitness.

## FACTS

On May 19, at approximately 5:00 p.m., the plaintiff's son, Maurice Johnson, arrived visibly upset at the residence that he shared with his mother. (Compl. (ECF No. 6) at 10.) Mr. Johnson had been diagnosed with bi-polar disorder and received disability benefits for his mental illness. (*Id.* at 9.) Ms. Holloman was trained and employed as a professional healthcare provider to people with disabilities. (*Id.* at 11.)

Ms. Holloman wanted to transport Mr. Johnson to a hospital for treatment. (*Id.* at 10.) When Mr. Johnson refused to seek professional intervention, the plaintiff called 911 and requested assistance from both the Baltimore Police and Fire Departments in transporting Mr. Johnson to the hospital. (*Id.*) Within 15 minutes, a Baltimore City Police officer, Paul Markowski, arrived at the residence and entered through the front door. (*Id.*) Officer Markowski knew of Mr. Johnson's disorder from his interactions with him and from Mr. Johnson's name being listed in the Maryland State database of persons known to possess mental disorders. (*Id.* at 9.)

When Officer Markowski arrived, Ms. Holloman informed him that Mr. Johnson was "O.K." or "fine" and located in the backyard. (*Id.* at 11.) Officer Markowski entered the residence and proceeded to the kitchen. (*Id.*) He continued to the rear door of the home, which was locked, and called Mr. Johnson's name from inside the residence. (*Id.*) Mr. Johnson then approached and knocked on the door to speak with Officer

Markowski. (*Id.*) By this time, another Baltimore City Police officer, Gregory Bragg, had arrived on the scene and entered the residence, making his way to the rear door. (*Id.*)

At some point, both officers grabbed Mr. Johnson by the arms, and Officer Markowski began to physically attack him. (*Id.* at 12.) Mr. Johnson attempted to resist and was able to break free. (*Id.*) He and Officer Markowski struggled and both men fell to the floor. (*Id.*) Mr. Johnson got on top of Officer Markowski, and the officer grabbed his service weapon and shot Mr. Johnson twice in the chest. (*Id.*) Officer Bragg also shot Mr. Johnson in the back. (*Id.*) The shots were fatal. (*Id.*)

Following her son's death, the plaintiff filed a complaint in this Court suing Officers Markowski and Bragg, the Commissioner of the Baltimore City Police Department, the Mayor of Baltimore, and members of the City Council under 42 U.S.C. § 1983 for alleged violations of Mr. Johnson's constitutional rights, and a municipal liability claim under § 1983. (*Id.* at 12-18.) The plaintiff also brought a State law negligence claim against these defendants as well as State's Attorney Bernstein, alleging that they had "actual, subjective awareness" of the risks involved in hiring Officers Markowski and Bragg and in failing to adequately screen, train, and supervise them, but "nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others." (*Id.* at 19.) She seeks monetary damages and injunctive relief. (*Id.* at 19-21.)

## ARGUMENT

### I.   STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint, even one filed by a *pro se* plaintiff, "must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "plausibility" standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). That is, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557; internal quotation marks omitted). In applying this standard, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79.

## II. THE PLAINTIFF'S CLAIMS AGAINST STATE'S ATTORNEY BERNSTEIN ARE BARRED BY ELEVENTH AMENDMENT IMMUNITY.

Under the Eleventh Amendment, "[a]n unconsenting State is immune from suits brought in federal courts," and this protection extends to "'state agents and state instrumentalities' as well as the States themselves." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479 (4th Cir. 2005) (quoting *Regents of Univ. of California v. Doe*, 519 U.S. 425, 429 (1997)) (internal quotation marks and citation omitted). Thus, a private citizen may not bring suit in federal court against a State official to remedy violations of State law. *See, e.g.*, *Equity in Athletics, Inc. v. Department of Educ.*, 639 F.3d 91, 107 (4th Cir. 2011).

4

Here, Ms. Holloman brings a State law negligence claim against State's Attorney Bernstein, alleging that he negligently hired and retained and failed to train and supervise the Baltimore City Police officers who shot and killed her son.  (*See* Compl. (ECF No. 6) at 19.)  Her claims are barred by the Eleventh Amendment, however, because the State's Attorney is a State official under Maryland law.  *See* Md. Const. art. V, § 7 ("There shall be an Attorney for the State in each county and the City of Baltimore, to be styled 'The State's Attorney'"); Md. Code Ann., Crim. Proc. § 15-102 ("Subject to Title 14 of this article, a State's Attorney shall, in the county served by the State's Attorney, prosecute and defend on the part of the State all cases in which the State may be interested."); Md. Code Ann, State Gov't § 12-101(a)(8) (defining "State personnel" to include "a State's Attorney of a county or Baltimore City"); *Valle v. Pressman*, 229 Md. 591, 599 (1962) ("[A] State's Attorney is a State rather than a local officer.").

Courts in the District of Maryland have recognized that Maryland's State's Attorneys are "state officials" for purposes of Eleventh Amendment immunity.  *See Muhammed v. Bernstein*, No. RDB-12-1444, 2013 U.S. Dist. LEXIS 87628, at *14 (D. Md. June 21, 2013); *see also Johnson v. Baltimore County*, No. 11-cv-3616, 2012 U.S. Dist. LEXIS 92154, at *52-53 (D. Md. July 3, 2012); *Joseph v. Maryland*, No. WDQ-13-0402, 2014 U.S. Dist. LEXIS 16781, at *18 (D. Md. Feb. 4, 2014).  Here, too, this Court should dismiss all claims against State's Attorney Bernstein with prejudice on Eleventh Amendment immunity grounds.

### III. STATE'S ATTORNEY BERNSTEIN IS STATUTORILY IMMUNE FROM SUIT UNDER THE MARYLAND TORT CLAIMS ACT.

In addition to being barred by Eleventh Amendment immunity, the plaintiff's claims against State's Attorney Bernstein must be dismissed because he is statutorily immune from suit under the Maryland Tort Claims Act ("MTCA"). The MTCA waives the State's sovereign immunity and immunizes state personnel "for tortious acts or omissions committed within the scope of the public duties of 'state personnel,' and committed without malice or gross negligence." *Barbre v. Pope*, 402 Md. 157, 173 (2007); Md. Code Ann., Cts. & Jud. Proc. § 5-522(b).

The MTCA defines "State personnel" to include "a State's Attorney of a county or Baltimore City, or an employee of an office of a State's Attorney." Md. Code Ann., State Gov't § 12-101(a)(8). The plaintiff has alleged that State's Attorney Bernstein failed to exercise due care in the scope of his public duties by negligently hiring, training, and supervising the Baltimore City Police officers who shot her son.

Although the plaintiff makes the conclusory allegation that the State's Attorney acted with "gross negligence" (*see* Compl. (ECF No. 6) at 19), the complaint does not "*sufficiently* allege[]" that the State's Attorney acted with gross negligence such that his alleged conduct falls outside the scope of the MTCA. *See Barbre*, 402 Md. at 181-82 (emphasis in original). The plaintiff has failed to "allege with some clarity and precision" facts that raise an inference of gross negligence. *Green v. Brooks,* 125 Md. App. 349, 377 (1999) (internal quotation marks and citation omitted). Maryland courts have repeatedly held that a bare allegation of malice or gross negligence is insufficient to

6

defeat an immunity defense.  *See, e.g.*, *Baltimore Police Dep't v. Cherkes,* 140 Md. App. 282, 330-31 (2001) (bare allegation of malice not sufficient to avoid dismissal of claims arising from training of police officers who allegedly assaulted plaintiff); *Tavakoli-Nouri v. State,* 139 Md. App. 716, 730 n.2 (2001) (bare allegation of national origin discrimination was mere "conjecture" and did not state claim for violation of constitutional rights); *Green,* 125 Md. App. at 377 ("the mere assertion that an act was done maliciously, or without just cause, or illegally, or with wanton disregard, or recklessly, or for improper motive is not sufficient" to defeat immunity (internal quotation marks and citation omitted)); *Williams v. Prince George's County,* 112 Md. App. 526, 551 (1996) (bare allegation of malice not sufficient to avoid summary judgment on claim arising from wrongful arrest).  As the Fourth Circuit has explained in this context, "[t]he presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)" when the factual allegations do not support them.  *Young v. City of Mt. Rainier,* 238 F.3d 567, 578-79 (4th Cir. 2001).  Accordingly, this Court should dismiss with prejudice the plaintiff's claim against State's Attorney Bernstein on this alternative immunity ground.

**IV.    THE PLAINTIFF HAS FAILED TO STATE A NEGLIGENCE CLAIM AGAINST STATE'S ATTORNEY BERNSTEIN BECAUSE HE HAS NO DUTY TO HIRE, TRAIN, SUPERVISE, OR RETAIN BALTIMORE CITY POLICE OFFICERS.**

In the alternative to the immunity defenses discussed above, the claims of negligence against State's Attorney Bernstein should be dismissed for failure to state a claim upon which relief may be granted.  The plaintiff has failed to allege any facts that

could give rise to an inference that State's Attorney Bernstein has any duty to ensure reasonable care in the hiring, training, or supervision of Baltimore City Police officers.

Under Maryland law, a plaintiff alleging a negligence claim must demonstrate "(1) that the defendant had a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the defendant's breach of duty proximately caused the loss or injury." *Pendleton v. State*, 398 Md. 447, 460 (2007). "The duty of an employer . . . is to use reasonable care to select employees competent and fit for the work assigned to them and to refrain from retaining the services of an unfit employee." *Henley v. Prince George's County*, 305 Md. 320, 336 (1986).

Here, the plaintiff alleges that State's Attorney Bernstein negligently hired Baltimore City Police Officers Markowski and Bragg, failed to adequately train and supervise them, and negligently retained them even though he knew that they posed a danger to the public. Under State law, however, State's Attorney Bernstein is a State official whose functions are to "prosecute and defend on the part of the State all cases in which the State may be interested." Md. Code Ann. Crim. Proc. §15-102. State's Attorney Bernstein is not the employer of Baltimore City Police officers and has no authority to hire, train, supervise, or retain them. Rather, as the Court of Special Appeals of Maryland has explained, the "hiring, training, and supervising of police officers" is entrusted to the Baltimore City Police Commissioner by the Code of Public Laws of Baltimore City. *See Cherkes*, 140 Md. App. at 329-30; *see also* Baltimore City, Md., PLL § 16-7(7) (vesting Baltimore City Police Commissioner with authority "[t]o appoint,

promote, reduce in rank, grade or position, reassign, reclassify, retire and discharge all members of the Department in the manner prescribed by law"); PLL § 16-7(8) (vesting Police Commissioner with authority "[t]o regulate attendance, conduct, training, discipline and procedure for all members of the Department").

Accordingly, the plaintiff has failed to allege facts that could raise any inference that State's Attorney Bernstein had any duty to hire, train, supervise, or make any other staffing decisions regarding Baltimore City Police officers and, thus, has failed to state a claim for negligence against the State's Attorney. The negligence claims against State's Attorney Bernstein should be dismissed with prejudice on this alternative ground because no amendment to the complaint could cure the insufficiency of the allegations.

## CONCLUSION

For the reasons stated above, this Court should dismiss with prejudice all claims against State's Attorney Bernstein.

    Respectfully submitted,

    DOUGLAS F. GANSLER
    Attorney General of Maryland

    _____/s/_____
    JENNIFER L. KATZ (Bar No. 28973)
    Assistant Attorney General
    Office of the Attorney General
    Civil Division
    200 St. Paul Place
\
    Baltimore, Maryland  21202
    (410) 576-7005;  (410) 576-6955 (fax)
    jkatz@oag.state.md.us

July 22, 2014                         Attorneys for Defendant Gregg L. Bernstein